**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4246**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

OMAR FABIAN VALDES GUALTERO, a/k/a Gordo,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:13-cr-00310-GBL-2)

Submitted: November 17, 2015          Decided: November 19, 2015

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Edwin S. Booth, SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, P.C., Virginia Beach, Virginia; Maureen Leigh White, Richmond, Virginia; for Appellant. Michael Phillip Ben'Ary, Assistant United States Attorney, Alexandria, Virginia; Stacey Kyle Luck, Special Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Fabian Valdes Gualtero appeals his conviction and sentence for aiding and abetting the murder of an internationally protected person, in violation of 18 U.S.C. §§ 2, 1116(a) (2012), and conspiracy to kidnap an internationally protected person, in violation of 18 U.S.C. § 1201(c) (2012).  On appeal, counsel for Valdes Gualtero filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal and acknowledging Valdes Gualtero's waiver of appellate rights but questioning the application of a sentencing enhancement for obstruction of justice.  Valdes Gualtero has not filed a pro se supplemental brief despite notice of his right to do so.  The Government has moved to dismiss the appeal as barred by the appellate waiver included in Valdes Gualtero's plea agreement.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012).  United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015).  A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue being appealed is within the scope of the waiver."  Id.  A defendant's waiver is valid if he agreed to it "knowingly and intelligently."  United States v. Manigan, 592 F.3d 621, 627

(4th Cir. 2010).  Whether a defendant validly waived his right to appeal is a question of law that we review de novo.  United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Valdes Gualtero knowingly and voluntarily waived his right to appeal his conviction and sentence.  The sentencing claim raised on appeal clearly falls within the scope of this broad waiver.  Therefore, we grant the motion to dismiss and dismiss Valdes Gualtero's appeal.  We have reviewed the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver.

This court requires that counsel inform Valdes Gualtero, in writing, of the right to petition the Supreme Court of the United States for further review.  If Valdes Gualtero requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Valdes Gualtero.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED